ROLAND E. BENOIT *et al. vs.* TREFFLE DAMOUR.

JUNE 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

318

RATHBUN, J. This action in assumpsit against the indorser of a promissory note was heard by a justice of the Superior Court sitting without a jury. The case is here on defendant's exception to the decision for plaintiffs for $500.

The defendant was payee of the note in question which was secured by either a second or a third mortgage upon real estate. Defendant sold to plaintiffs the note and mortgage, but he failed to indorse the note either for security or for the purpose of transferring title. The note was payable in installments and contained an acceleration clause which would be operative on failure to make payments according to the terms of the note. Defendant, who dealt in real estate and mortgages, collected interest and installments and made payments to plaintiffs as was defendant's custom in dealing with his customers. On February 18, 1931, a prior mortgage on said real estate was foreclosed. The defendant, although he had knowledge of this fact at the time of the sale, did not communicate his knowledge to the plaintiffs, who were ignorant of the fact, but concealed the information by thereafter making payment, in accordance with the terms of the note, of three monthly installments of $25 each. No presentment or demand for payment was made upon the maker of the note. Some time in December, 1931, after the plaintiffs had learned of the foreclosure, defendant placed his unqualified indorsement upon the note. About one year thereafter, without consent of the plaintiffs, defendant wrote above his signature on the back of the note the words: "Without recourse to me."

The defendant contended that he was not liable by reason of the plaintiffs' failure to take the steps prescribed for charging an indorser.

The trial justice found that defendant's conduct estopped him from urging this defense. We have no doubt as to the correctness of this ruling.

Defendant indorsed the note after maturity. In 8 C. J. at 526 it is stated that: "Although a note is indorsed after it is overdue, the indorser as a rule is entitled to have demand made on the maker within a reasonable time." See also 8 C. J. 344, 536. However, our N. I. L., Sec. 88, Chap. 227, G. L. 1923, provides that: "Presentment for payment is dispensed with: . . . 3. By waiver of presentment express or implied."

Defendant was plaintiffs' agent and owed a duty to keep them fully informed. He not only disregarded this duty but fraudulently concealed the facts from the plaintiffs. When defendant indorsed the note, after plaintiffs had learned of the foreclosure, his conduct showed that he had no desire that plaintiffs take the useless step of demanding payment from the maker, and it amounted to a waiver of presentment. Defendant's act in writing above his signature the words: "Without recourse to me" did not change his liability.

Defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Uldrich Pettine,* for plaintiffs.
*Archambault & Archambault,* for defendants.